IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID J. SILVA,

    Plaintiff,

v.

MT. BACHELOR, INC., an Oregon corporation,

    Defendant.

Civ No. 06-6330-AA

OPINION AND ORDER

David Jensen
Jensen, Elmore & Stupasky
199 E. 5th Ave., Suite 25
Eugene, OR 97401
    Attorney for plaintiffs

Andrew C. Balyeat
Jeffrey T. Eager
Balyeat & Eager
920 N.W. Bond St., Suite 209
Bend, OR 97701
    Attorneys for defendant

AIKEN, Judge:

    Plaintiff filed suit alleging premises liability and negligence arising from a skiing accident. Defendant moves for summary judgment on plaintiff's claims, arguing that they are

1 - OPINION AND ORDER

barred by a valid release from liability agreed to by plaintiff.

## FACTS

Plaintiff is a resident of Idaho and an avid skier who has skied at numerous ski resorts throughout the United States. Plaintiff received vouchers for two days of skiing at Mt. Bachelor and two nights at the Inn of the Seventh Mountain.

On April 16, 2005, plaintiff traded his voucher for an all-day ski pass at Mt. Bachelor. At the ticket windows, Mt. Bachelor posts signs stating "YOUR TICKET IS A RELEASE" and advising skiers that their ski pass contains a release of all claims against Mt. Bachelor. The signs read:

> The back of your ticket contains a release of all claims against Mt. Bachelor and its employees or agents. Read the back of your ticket before you ski or ride the lift or use any of the facilities of the area. If you purchase a ticket for someone else, you must provide this ticket release information to that person or person.
>
> Skiers and lift passengers who use tickets at this resort release and agree to hold harmless and indemnify Mt. Bachelor, Inc., its employees and agents from all claims for property damage, injury or death which he/she may suffer or for which he/she may be liable to others, arising out of the use of Mt. Bachelor's premises, whether such claims are for negligence or any other theory of recovery, except for intentional misconduct.
>
> If you do not agree to be bound by the terms and conditions of the sale of your ticket, please do not purchase the ticket or use the facilities at Mt. Bachelor.
>
> Presentation of this ticket to gain access to the premises and facilities of this area is an acknowledgment of your agreement to the terms and conditions outlined above.

2 - OPINION AND ORDER

Affidavit of Tom Lomax, Ex. 1.

Additionally, the back of plaintiff's ski pass stated "READ THIS RELEASE AGREEMENT" and contained the following language:

> In consideration for each lift ride, the ticket user releases and agrees to hold harmless and indemnify Mt. Bachelor, Inc., and its employees and agents from all claims for property damages, injury or death which he/she may suffer or for which he/she may be liable to others, arising out of the use of Mt. Bachelor's premises, whether such claims are for negligence or any other theory of recovery, except for intentional misconduct.

Affidavit of Andrew C. Balyeat, Ex. 2, p. 2.

As plaintiff skied in an ungroomed area, he fell and injured his knee.

On December 27, 2006, plaintiff filed this lawsuit. Plaintiff alleges that defendant failed to make the ski area reasonably safe and that defendant's negligence in failing to do so caused his injuries.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable

3 - OPINION AND ORDER

jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Defendant moves for summary judgment on grounds that plaintiff agreed to release defendant from all liability for damages arising from the use of its facilities. Defendant maintains that the release agreement is valid and enforceable and bars plaintiff's claims. See Harmon v. Mt. Hood Meadows, Ltd., 146 Or. App. 215, 932 P.2d 92 (1997); Mann v. Wetter, 100 Or. Ap. 184, 785 P.2d 1064 (1990).

Plaintiff concedes that one party may contract to limit another party's liability for negligence. However, plaintiff

disagrees that the release on the Mt. Bachelor ski pass is a valid release of liability. Plaintiff maintains that the release is not enforceable, because the parties were not negotiating at arms length in a commercial setting, the release was not make known to or signed by plaintiff, and the terms of the release are equivocal because it purports to cover all claims under any theory of recovery except intentional misconduct.

Plaintiff's arguments are unavailing. First, no Oregon court has held that a release from liability in a recreational, as opposed to commercial, context offends public policy and is unenforceable. Harmon, 146 Or. App. at 219 n.3, 932 P.2d 92 ("[W]e assume, without deciding, that a release relieving a ski resort solely from the consequences of its own negligence does not offend Oregon public policy."). Further, the release from liability is not invalid as a contract of adhesion, because plaintiff voluntarily chose to ski at Mt. Bachelor and the ski resort does not provide essential public services. Mann, 100 Or. App. at 187-88, 785 P.2d 1064.

Second, although plaintiff testified at his deposition that he did not read the release on the back of his ski pass or the signs at the ticket window, the pass and signs clearly advise skiers of the significance of the release agreement. Further, plaintiff testified that he knew and expected that his lift ticket would contain a release, based on his extensive skiing experience.

5 - OPINION AND ORDER

Balyeat Aff., Ex. 1, pp. 14-15. Plaintiff also admitted that he understood the terms of the release, and plaintiff cites no case that requires a recreational release agreement to be signed. Id. Ex. 1, p. 15. Therefore, I find no genuine issue of fact exists as to whether the release and its terms were made known plaintiff.

Finally, the Oregon Court of Appeals has specifically held that a plaintiff must establish overbreadth of a release agreement as applied to the specific claim alleged:

> Most simply, the party must show that, *as applied*, the contractual term is unenforceable on grounds of public policy. Here, plaintiff does not contend that Oregon public policy precludes a ski resort from limiting its liability for negligence; thus, regardless of whether defendants' release might be unenforceable as to other plaintiffs asserting other claims, it is not unenforceable as applied to plaintiff.

Harmon, 146 Or. App. at 221-22 (emphasis in original).

Here, plaintiff asserts negligence claims against defendant and concedes that a defendant may limit its liability for negligence. Therefore, the fact that the release agreement purports to cover other theories of liability does not preclude enforcement of the release in this case. As such, plaintiff's claims are barred.

///

///

///

///

///

6 - OPINION AND ORDER

CONCLUSION

Defendant's motion for summary judgment (doc. 13) is GRANTED. This case is DISMISSED.

IT IS SO ORDERED.

Dated this  21  day of July, 2008.


            /s/ Ann Aiken
            Ann Aiken
            United States District Judge

7 - OPINION AND ORDER